THE STATE, EX REL. WICKLINE, APPELLANT, *v.* JENKINSON, MAYOR, ET AL., APPELLEES.

[City as State, ex rel. Wickline, v. Jenkinson, 9 Ohio App. 2d 39.]

(No. 388—Decided November 29, 1966.)

Mr. D. H. Jackman, for appellant.
Mr. Maurice E. Beathard, city solicitor, for appellees.

KERNS, J. The controlling issue in this case is whether Bryan W. Jenkinson, Mayor of the city of London, has the right to remove George E. Wickline, the Director of Public Service and Safety of the city of London, without a formal complaint and hearing.

Section 733.03, Revised Code, provides in part as follows:

"The mayor shall be the chief conservator of peace within the city. He may *appoint and remove* the director of public service, the director of public safety, and the heads of the subdepartments of public service and public safety, and shall have such other powers and perform such other duties as are conferred and required by law." (Emphasis ours.)

The mayor is an elected officer, and it is quite apparent that the director of public service and safety is appointed by, and subject to removal by, the mayor.

But the relator, appellant herein, contends that removal cannot be accomplished without a complaint and hearing because of the provisions of Section 38, Article II of the Constitution of Ohio, which provides:

"Laws shall be passed providing for the prompt removal from office, *upon complaint and hearing,* of all officers, * * * judges and members of the General Assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the Constitution." (Emphasis ours.)

That constitutional mandate undoubtedly enjoins upon the Legislature a duty to provide for the removal, upon complaint and hearing, of all officers for any misconduct involving moral turpitude or for any other cause provided by law.

However, the constitutional provision has no restrictive characteristics. Its purpose is manifest, but its command is not exclusionary. More specifically, it does not prohibit the Legislature from enacting laws to provide for the removal, without a formal hearing, of subordinate officers who serve at the discretionary pleasure of the appointing authority.

Ordinarily, where there is no fixed term of office, and the appointee holds during the pleasure of the appointing power, the power of removal is discretionary and may be exercised without notice or hearing. 37 American Jurisprudence 873, Sec-

tion 244; 62 Corpus Juris Secundum 954, Section 513; 44 Ohio Jurisprudence 2d 672, Section 173.

In the present case, the relator argues that the language, "all officers," as used in Section 38, Article II, must be construed literally to include the director of public service and safety of a municipality. In our opinion, the constitutional provision contemplates all officers subject to removal for cause, but does not include officers subject to removal as a matter of discretion. Clearly, a hearing is unnecessary if no cause need be shown.

In a general sense jurors are officers of the court. Court bailiffs and constables may likewise be termed officers, and many of the deputies and assistants in our various county offices are also officers, as that term is generally defined. But, being without fixed terms, are their appointments for life subject only to good behavior?

Under our form of government, it is not difficult to visualize the bizarre results which would ensue if all officers had to be charged by complaint and granted a hearing before removal.

Neither the references in the briefs nor our own independent research has disclosed a case treating the precise question presented herein.

However, we find no conflict, and very little relationship, between the statute and the constitutional provision. Both can survive without antagonism.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

SHERER, P.J., and CRAWFORD, J., concur.